IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br><br><br>                vs.<br><br><br>CYNTHIA BITSUIE JONES, MICHAEL WHITEHORSE, and JOE JOHNSON,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT MICHAEL WHITEHORSE'S MOTION TO SEVER<br><br><br><br><br>Case No. 2:09-CR-920 TS |

This matter is before the Court on Defendant Whitehorse's Motion to Sever.  For the following reasons the Court will deny the Motion.

## I. Background

This case involves three Defendants, Cynthia Bitsuie-Jones, Michael Whitehorse, and Johnson Joe.  The Defendants are charged with Aggravated Sexual Abuse While Within Indian Country, Assault with Intent to Murder and Aiding and Abetting.  The Court recently granted a motion to continue and trial has been reset for April 12, 1010.[1]

---

[1]Docket No. 49.

II. Analysis

Under Rule 8(b) of the Federal Rules of Criminal Procedure, a single indictment may charge multiple defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." However, under Rule 14(a) "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

The Tenth Circuit follows the general rule that individuals charged together should be tried together.[2]  A defendant wishing to obtain severance must show actual prejudice at trial will result from failure to sever the trials.[3]  However, "[n]either a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' from the evidence that was overwhelming or more damaging against the codefendant than that against the moving party is sufficient to warrant severance."[4]  Similarly, an allegation of less culpability does not demonstrate actual prejudice.[5]  "Indeed, absent a showing of clear prejudice, a joint trial of the defendants who are charged with a single conspiracy in the same indictment is favored where proof of the charge is predicated upon the same evidence and alleged acts."[6]

---

[2]*See United States v. Rinke*, 778 F.2d 581, 590 (10th Cir. 1985).

[3]*United States v. Hack*, 782 F.2d 862, 870 (10th Cir. 1986).

[4]*Id*. (internal citation omitted).

[5]*United States v. Small*, 423 F.3d 1164, 1182 (10th Cir. 2005).

[6]*Hack*, 782 F.2d at 871.

Defendant Whitehorse argues that he should be severed because it is unlikely that Defendant Bitsuie will go to trial.  Defendant also argues that severance is necessary because of the risks of all Defendants in this case going to trial together.  Defendant Whitehorse states the difference in degrees of culpability, in addition to Defendant Bitsuie being his mother, will create undue prejudice towards him.  Defendant Whitehorse also argued his right to a speedy trial as a basis for the Court to grant his Motion.

Only the government has formally filed an objection to this Motion.  The government argues that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together."[7]  The government further argues that joint trials "promote judicial efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent judgments."[8]  The government acknowledges that district courts have discretion to sever a case but only when a Defendant has shown real prejudice to his case.[9]

The government argues that Defendant Whitehorse has not shown actual prejudice.  The Court agrees.  As previously stated, mere ranges in culpability are insufficient to form a basis for severance.  Moreover, the Court does not find that Defendant Whitehorse will be overly prejudiced because of his relationship with Defendant Bitsuie.  The Court finds that any prejudice Defendant Whitehorse might suffer is outweighed by the trauma to the alleged victim, expense and inconvenience separate trials would create for other parties involved.  Further, the Court has already found the ends of justice are served by continuing the trial until April 12,

---

[7] *Richardson v. Marsh*, 481 U.S. 200, 209 (1987).

[8] *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

[9] *United States v. Hall*, 473 F.3d 1295, 1302 (10th Cir. 2007).

3

2010.[10]

### III. Conclusion

Based on the above it is hereby

ORDERED that Defendant Whitehorse's Motion to Sever (Docket No. 47 ) is DENIED.

DATED   February 23, 2010.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[10]Docket No. 49.